**Roy T. GROSS, Appellant,**

v.

**Roger H. JOHNSON, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1959.

Rehearing Denied Feb. 5, 1960.

S. M. Ward, Hazard, Ky., for appellant.

C. A. Noble, Jr., Hazard, for appellee.

MILLIKEN, Judge.

This case is on appeal from a judgment for $2,677 awarded the buyer of a truck for the net amounts he had paid on the purchase price in response to his prayer for rescission of the contract and recovery of the payments made. The legal action of the buyer, Roger H. Johnson, was precipitated by a personal seizure or repossession of the truck by the seller, Roy T. Gross, for alleged arrearage in payments on the purchase price.

The seller had sold several trucks to other purchasers by written contracts which permitted him to repossess "without legal proceedings and without notice" for failure of the purchasers to keep up their payments, but the contract with Roger H. Johnson was an oral contract and there is no evidence that such an understanding prevailed in the arrangement between them. Apparently, under the oral arrangement or contract with Johnson, Gross retained the title and was paid at the rate of ten cents a ton for every ton of coal Johnson hauled for the Carr's Fork Coal Company. Johnson received a balance of twenty-five cents a ton from which he agreed to pay the finance company the monthly installments due it on Gross' contract with it. According to Johnson, the purchaser, he had paid Gross $1,446 on the purchase price, had paid the credit corporation $1,360 on Gross' contract with it, and was not behind in any payments when Gross seized the truck at night from the Coal Company lot where

Johnson had left it because of a broken spring and because Gross had refused to give him a bill of sale so that he could procure a license in order that it might be used on the public highway.

On the other hand, the seller, Gross, testified Johnson was $486 in arrears in his payments to him, but admitted Johnson had kept up the payments to the credit corporation. He also testified that Johnson was to have signed a written contract, but never did and that was the reason he refused to deliver a bill of sale to Johnson. It might be well to point out here that Johnson had attempted to replevy the truck after Gross had seized it, but the latter gave a bond and retained possession of the truck he had seized and thus by keeping possession of it he deprived Johnson of its use and the expected means of earning whatever payments were due in the future.

Faced with such conflicting evidence, the jury resolved the conflict in favor of Johnson, the buyer. Gross complains of an instruction to the jury which said: "If the jury believe from the evidence that the plaintiff, Roger H. Johnson, did all that he reasonably could to obtain a bill of sale for the truck in question and was denied said bill of sale, as he testified, from the defendant, Roy Gross, it is the law that he has proved a failure of consideration and was entitled to rescind the contract and recover damages for its breach." The next instruction limited the recovery, if any, to the amount paid on the truck to the seller and the credit company. No instruction was given for damages for the buyer's loss of use of the truck.

The seller complains that the instruction begs the question of whether the bill of sale was to be delivered to the purchaser after the completion of payments or whether the purchaser was to become the owner of the truck at the time it was delivered to him, and that the instructions fail to allow the seller any credit for the buyer's use of the truck. The record discloses that the seller objected to this instruction given by the court which was offered by the buyer, but the record does not disclose the specific reasons for the objection and no written instructions were submitted by the seller. The seller may not "assign as error the giving or the failure to give an instruction, unless he objects thereto before the court instructs the jury, stating specifically the matter to which he objects and the grounds of his objections." CR 51. No specific reasons for the objection being stated in the record, we cannot rule upon the correctness of the instruction.

The judgment is affirmed.